**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

RONALD DOUGLAS COSBY,

    Petitioner,

v.                                                  Civil Action No. 3:07cv166

GENE JOHNSON, DIRECTOR,
VIRGINIA DEPARTMENT OF CORRECTIONS,

    Respondent.

## MEMORANDUM OPINION

Petitioner Ronald Douglas Cosby, a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] Cosby challenges his conviction for possession with the intent to distribute heroin. The Respondent filed a motion to dismiss and appropriate *Roseboro* notice. On July 2, 2007, this Court granted Cosby's motion for extension of time to respond to Respondent's motion to dismiss. Cosby has filed his response. The matter is ripe for disposition and jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

The Supreme Court, a Justice thereof, a circuit judge, or a district judge shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

## I.  PROCEDURAL HISTORY

Cosby is in custody pursuant to a final judgment entered by the Circuit Court of the City of Richmond ("Circuit Court") on July 29, 2003.  Following a bench trial, the Circuit Court convicted Cosby of one count of possession with the intent to distribute heroin and one count of conspiracy to distribute heroin.  The Circuit Court sentenced Cosby on November 25, 2003, to ten (10) years in prison, with four (4) years and six (6) months suspended.

Following sentencing, Cosby filed a timely appeal to the Court of Appeals of Virginia ("Court of Appeals") for both of his convictions.  The Court of Appeals denied Cosby's petition for appeal on June 18, 2004.  Cosby's petition for a rehearing by a three-judge panel was granted by the Court of Appeals on September 22, 2004.[2]  In an unpublished opinion dated April 26, 2005, the Court of Appeals panel reversed the conspiracy to distribute heroin conviction.

Cosby then filed an appeal to the Supreme Court of Virginia to challenge his remaining distribution of heroin conviction.  The Supreme Court of Virginia denied Cosby's petition for appeal on September 20, 2005.  On November 10, 2005, they denied his petition for a rehearing.

On July 10, 2006, Cosby filed a petition for a writ of habeas corpus in the Supreme Court of Virginia.  The Supreme Court denied this petition on September 15, 2006.

On March 27, 2007, Cosby filed the instant petition, raising one claim.  Cosby alleges that the evidence was insufficient to prove the crime of possession with the intent to distribute heroin.

---

[2] The Commonwealth subsequently filed a petition for appeal with the Supreme Court of Virginia.  The Supreme Court denied the petition for appeal on September 26, 2005.

## II.  SUMMARY OF THE RECORD

The Court of Appeals summarized the evidence as follows:

> So viewed, the evidence proved that Officer Frank Misiano was participating in an undercover drug operation with the goal of purchasing illegal narcotics with marked money.  A man, later identified as Darryl Lewis, approached Misiano who was in a parked car.  Misiano gave Lewis two marked $20 bills and asked for heroin.  Lewis took the money and walked directly over to appellant who was standing about 60 feet away.  Misiano saw Lewis give appellant the money and then turn around and hold out his hand.  Misiano then saw appellant's hand touch Lewis's hand.  Lewis walked directly back to Misiano and gave him an aluminum foil package containing heroin.
> Thereafter, Misiano called in a description of appellant and Lewis, and within minutes Officers Rick Lloyd and Michael Levandoski arrested them.  In the search incident to arrest, Levandoski found $442 in appellant's clinched hand, two $20 bills in appellant's left front pocket, and one of the marked $20 bills in appellant's right front pocket.  The other marked $20 bill was found at the scene either in Lewis' possession or on the ground.
> At trial, appellant acknowledged that he "ran into" Lewis at the scene, but denied that he gave heroin to Lewis and denied that he had an agreement with Lewis or anyone to sell heroin.  Appellant acknowledged that he made hand contact with Lewis but claimed they "dapped" by putting their fists together.  Appellant claimed he had the money in his possession because he was on the way to the store to buy money orders to pay bills for his disabled mother.  Appellant denied getting any money from Lewis.

*Cosby v. Commonwealth*, Record No. 3132-03-2 at 1-2 (June 18, 2004).

## III.  STANDARD OF REVIEW

A federal court reviewing a petition for writ of habeas corpus has only limited powers of judicial review.  Under 28 U.S.C. § 2254(d), a writ shall not be granted for any claim that was adjudicated on the merits in state court, with two exceptions.  First, a court may grant a writ if the state adjudication was contrary to, or involved an unreasonable application of, clearly established federal law.  28 U.S.C. § 2254(d).  Second, a writ may issue if the state adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

3

presented in the state court proceeding. *Id.* In order to receive a § 2254(d) inquiry, however, Petitioner must first establish a constitutional violation.

## IV. ANALYSIS

**A.     Exhaustion**

"In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing," a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief. *Matthews v. Evatt*, 105 F.3d 907, 910 (4th Cir. 1997); *see also* 28 U.S.C. § 2254(b) (barring the granting of habeas corpus relief unless it appears that "the applicant has exhausted the remedies available in the courts of the State"). Cosby raised his claim of insufficient evidence on direct appeal and habeas review in the Supreme Court of Virginia. Cosby, therefore, has properly exhausted his claim.

**B.     Sufficiency of the Evidence**

In evaluating a claim of insufficient evidence, the Court must view the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A reviewing federal court must give deference to the findings of fact by the state courts, and this presumption of correctness applies to facts found by appellate as well as trial courts. 28 U.S.C. § 2254(d); *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 318. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt." *Id.* at 319.  It is up to the trier of fact to resolve conflicts in the testimony and to weigh the evidence.  *Id.*  The "court may not substitute its view of the evidence for that of the jury."  *Roach v. Angelone*, 176 F.3d 210, 219 (4th Cir.1999)(*citing Tuggle v. Thompson*, 57 F.3d 1356, 1369 (4th Cir. 1995)(vacated on other grounds, 516 U.S. 10 (1995)).

Cosby challenges the sufficiency of the evidence as to the possession with the intent to distribute heroin charge. In his Petition, Cosby asserts three separate reasons for the insufficiency of the evidence claim.

First, Cosby asserts that the "evidence on the record fails to show that petitioner gave any drug to alleged undercover/cooperator purchaser." (Pet., Attach. 1 at 1.)  The Commonwealth's evidence, however, provided direct testimony implicating Cosby in the transaction.  Reviewing the record in the light most favorable to the Commonwealth, Misiano testified that he gave forty dollars in marked U.S. currency to an unknown third party.  The third party then approached Cosby and gave him the marked government currency.  Misiano then testified he observed Cosby place something in the third party's hand.  Without losing sight of the third party's hand, Misiano testified that the third party walked directly to him and gave him an aluminum foil package which was later found to contain heroin.  Levandoski testified that he discovered a portion of the marked government currency upon a search incident to arrest of Cosby.  The Commonwealth also introduced evidence, with no objection by Cosby, of the drugs seized.  Contrary to Cosby's assertions, the record does provide adequate evidence that would lead any rational trier of fact to find that a drug transaction could have taken place.

Cosby then argues that "another hypothesis" (in lieu of a drug transaction) exists to explain his encounter with the third party.  (Pet., Attach. 1 at 4.)  Virginia law requires that "all

necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence." *Bishop v. Commonwealth*, 313 S.E.2d 390, 393 (Va. 1984). However, a federal habeas court does not apply the stricter standard of review for sufficiency of the evidence because such a state evidentiary rule does not rise to the level of a constitutional claim. *Inge v. Procunier*, 758 F.2d 1010, 1014 (4th Cir. 1985). In the review of a § 2254 petition, circumstantial evidence need not exclude every reasonable hypothesis of innocence. *Jackson*, 443 U.S. at 326. Under this less strict standard of review, Cosby's argument fails.

Cosby's final argument pertains to possession. He contends that "the state cannot simply ignore proving possession of the drug and skip over to distribution as possession of the illegal drug is an element of the offense of drug distribution." (Pet., Attach. 2, at 1.) To satisfy his claim Cosby must refute that *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 318. During the trial, the Commonwealth relied on circumstantial evidence to prove the possession element of the charge. As Virginia law points out, "[c]ircumstantial evidence alone is sufficient to sustain a conviction." *Johnson v. Commonwealth*, 347 S.E.2d 163, 167 (Va. 1986). When circumstantial evidence is used, "[t]here must be an unbroken chain of circumstances 'proving the guilt of the accused to the exclusion of any other rational hypothesis and to a moral certainty.'" *Gordon v. Commonwealth*, 183 S.E.2d 735, 737 (Va. Ct. App. 1971) (internal quotations omitted) (*quoting Brown v. Commonwealth*, 176 S.E.2d 813, 815 (Va. 1970)). However, the record before this court reflects circumstances from which a rational trier of fact could have found an "unbroken chain of circumstances." *Gordon*, 183 S.E.2d at 737. Misiano's testimony described his

continuous observation of the third party, the third party's transaction with Cosby (including hand-to-hand contact), and the marked money found on Cosby. A rational fact finder could have found that the Commonwealth proved beyond a reasonable doubt the element of possession in Cosby's conviction.

Under the *Jackson* standard of review, a rational fact finder could have determined that Cosby possessed the heroin with the intent to distribute it. The trial court was entitled to credit the testimony of the Commonwealth's witnesses. The drug evidence and marked government currency supported the conviction by confirming the testimony. Accordingly, Respondent's Motion to Dismiss will be GRANTED.

## V.  CONCLUSION

Based on the foregoing reasons, the Motion to Dismiss (Docket No. 10) is GRANTED. Accordingly, the Petition for a Writ of Habeas Corpus will be DISMISSED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: February 20, 2008